## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **ROBERT J. MAYER, SR.**<br>**4966 CHABLIS COURT**<br>**FAIRFIELD, OHIO  45014,** | **Civil Action No.:**  3:22-CV-237-CRS |
| **Plaintiff** | |
| **-vs-** | |
| | **JURY TRIAL DEMANDED** |
| **LOUISVILLE LADDER, INC.**<br>**AKA LOUISVILLE LADDER COMPANY**<br>**7765 NATIONAL TURNPIKE, UNIT 190**<br>**LOUISVILLE, KENTUCKY 40214**<br>**Please Serve:**<br>**Louisville Ladder, Inc.**<br>**c/o CT Corporation System**<br>**306 West Main Street, Suite 512**<br>**Frankfort, Kentucky  40601** | |
| **AND** | |
| **HOME DEPOT U.S.A., INC.**<br>**2455 PACES FERRY ROAD**<br>**ATLANTA, GEORGIA  30339**<br>**Please Serve:**<br>**Home Depot U.S.A., Inc.**<br>**c/o Corporation Service Company**<br>**421 West Main Street**<br>**Frankfort, Kentucky  40601** | |
| **AND** | |
| **ANTHEM INSURANCE COMPANIES,**<br>**INC. DBA ANTHEM BLUE CROSS AND**<br>**BLUE SHIELD**<br>**120 MONUMENT CIRCLE**<br>**INDIANAPOLIS,  INDIANA  46204**<br>**Please Serve:**<br>**Anthem Insurance Companies, Inc.**<br>**Through the Kentucky Secretary of State**<br>**Pursuant to 304.3-230 Service of process on** | |

| |
|---|
| insurers -- Secretary of State as attorney for service of process. |
| **Defendants.** |

# COMPLAINT

**NOW COMES Plaintiff, Robert J. Mayer, Sr.,** by and through undersigned counsel, and for his Complaint against Defendants Louisville Ladder, Inc., Home Depot, Inc., among others, hereby alleges the following:

## I. THE PARTIES

1.   Plaintiff, Robert J. Mayer, Sr. is a resident, is domiciled in, and is a citizen of the State of Ohio, residing at 4966 Chablis Court, in Fairfield, Butler County, Ohio 45014 and has so resided at all relevant times herein.

2.   Defendant, Louisville Ladder, Inc. is a Delaware corporation, with its principal place of business located at 7765 National Turnpike, Unit 190, in Louisville, Jefferson County, Kentucky 40214. At all relevant times herein, Defendant Louisville Ladder, Inc. has been engaged in the design, manufacturing, marketing, distribution and sale of ladders, including the **Model W-2212-06S,** which was manufactured by Defendant, in En Monterey, Mexico, for sale in the United States, on or about February, 2010, to consumers, including to Plaintiff's son, Michael Mayer, who resides at 120 Longcreek Way, in Centreville, Queen Anne's County, Maryland 21617.  The subject step ladder was purchased from a Home Depot in Westminster, Maryland by Michael Mayer in approximately 2014.

3.   Defendant Louisville Ladder, Inc. is engaged in the business of researching, developing, designing, licensing, manufacturing, distributing, selling, marketing, maintaining and/or introducing into interstate commerce, directly or indirectly, through third parties or related entities, its ladders. At all relevant times herein, Defendant Louisville Ladder, Inc. conducted regular and sustained business in Kentucky by selling and distributing its products in Kentucky and engaged in substantial commerce and business activity within this District. Louisville Ladder, Inc.'s registered agent for service of process is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

4.   Defendant Home Depot U.S.A., Inc. is a Georgia corporation and is known as the world's largest home improvement retailer with approximately 500,000 associates and 2,300

stores in the U.S., Canada and Mexico. The typical store today averages 105,000 square feet of indoor retail space, interconnected with an e-commerce business, that offers more than one million products for sale to consumers, including, *inter alia.,* the subject step ladder. Its Westminster, Maryland store sales building and home improvement products including the ladder at issue herein.

**5.** Defendant, Anthem Insurance Companies, Inc., is a foreign insurance company engaged in the health insurance business, which does business as Anthem Blue Cross and Blue Shield Medicaid. During relevant times herein, Plaintiff Robert J. Mayer, Sr. had health insurance in the form of Medicare and/or Medicaid benefits provided through Anthem. Accordingly, Defendant Anthem may claim a subrogation interest in this matter.

## II. JURISDICTION AND VENUE

**6.** This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity among the parties and the amount in controversy exceeds the sum or value of Seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

**7.** Venue is proper in this district, pursuant to 28 U.S.C. § 1391, as the primary defendant has its corporate headquarters within this district and a substantial part of the events and omissions occurred in this district.

**8.** This is a products liability action for personal injury or property damage available against the manufacturer and the commercial seller, including negligence and strict liability in tort.

**9.** Under Kentucky law, product liability actions are governed by the Kentucky Product Liability Act ("KPLA"). *Prather v. Abbott Labs.*, 960 F. Supp. 2d 700, 705 (W.D. Ky. 2013). The KPLA governs "all damage claims arising from the use of products, regardless of the legal theory advanced." *Mitchell v. Actavis Pharms.*, 185 F. Supp. 3d 971, 974 (W.D. Ky. 2016) (quoting *Monsanto Co. v. Reed*, 950 S.W.2d 811, 814, 44 5 Ky. L. Summary 22 (Ky. 1997)). The Act applies "regardless of whether the action is founded on strict liability in tort, negligence or breach of warranty. While each of these theories of recovery in products liability cases requires proof of different elements and has different implications their central purpose is the same: recovery of damages for injury or property damage caused by a product." *Monsanto*, 950 S.W.2d at 814 (internal citation omitted); See *Zachry Indus. v. Siemens*

*Energy, Inc.,* 2021 U.S. Dist. LEXIS 152415, *21-22, 2021 WL 3576696 (WDKY, Louisville Division)

 **10.** This action is a "product liability action" as that term is defined by KRS § 411.300(1), which provides: (1) *As used in KRS 411.310 to 411.340, a "product liability action" shall include any action brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, testing, listing, certifying, warning, instructing, marketing, advertising, packaging or labeling of any product.*

 **11.** Kentucky law "imposes strict liability on one who sells any product in a defective condition unreasonably dangerous to the user or consumer, even though the seller has exercised all possible care in the preparation and sale of the products." *Niehoff v. Surgidev Corp.*, 950 S.W.2d 816, 822, 44 7 Ky. L. Summary 22 (Ky. 1997). To prevail on a theory of strict products liability in Kentucky, a plaintiff must show that a product (1) "was not manufactured or assembled in accordance with its specifications" and (2) that the product defect caused his injuries. *Greene v. B.F. Goodrich Avionics Sys., Inc.*, 409 F.3d 784, 788 (6th Cir. 2005) (applying Kentucky law). *Guilkey v. Commercial Truck & Van Equip.*, 2021 U.S. Dist. LEXIS 53357, *6-7, 2021 WL 1093623 (EDKY, Northern Division)

 **12.** The statute of limitations for both strict liability and negligence claims is governed by KRS 413.140(1) in conjunction with the Kentucky discovery rule adopted in *Louisville Trust Co. v. Johns-Manville Products, Inc.,* 580 S.W.2d 497 (Ky. 1979); see *Hogan v. Goodrich Corp.,* 2006 U.S. Dist. LEXIS 2004, *15, 2006 WL 149011 (WDKY).

### III. STATEMENT OF FACTS

 **13.** Plaintiff, Robert J. Mayer, Sr. restates and re-alleges the allegations contained in Paragraphs One through Twelve, (1-12), with the same force and effect, as though fully rewritten herein.

 **14.** Defendant Louisville Ladder, Inc. is in the business of designing, manufacturing, testing, marketing, distributing and selling ladders, including, specifically the aluminum 6 foot step ladder, identified as **Model W-2212-06S.** That model is made of aluminum construction with the exception for the plastic top and the pail shelf.

15.    The subject step ladder was sold by Defendant Home Depot U.S.A., Inc. to Michael Mayer, the son of Plaintiff Robert J. Mayer, Sr., in Westminster, Maryland, in approximately 2014.

16.    The subject ladder was manufactured in February of 2010, has a stated weight rating of 225 lbs. and has the wording **"ANSI A 14.2"** appearing on the ladder, indicating that it was purportedly built to the American National Standards Institute[1] standards.

17.    On or about April 29, 2021, Plaintiff Robert J. Mayer, Sr. was visiting his son, Michael Mayer, who resided at 120 Longcreek Way, in Centreville, Queen Anne's County, Maryland  21617. Michael Mayer provided the subject step ladder to Plaintiff Robert J. Mayer, Sr. for his use.  On that date and at that location, Plaintiff Robert J. Mayer, Sr., who was 65 years old and weighed 185 lbs., was using the subject ladder, in the manner intended and did not overload the ladder.

18. On or about April 29, 2021, Plaintiff Robert J. Mayer, Sr. was using the ladder, when the ladder collapsed or failed, causing Plaintiff, Robert J. Mayer, Sr. to fall, sustaining serious injuries, *inter alia.,* a torn left rotator cuff, torn labrum and coracoid fracture in his left shoulder, significant lacerations to his left arm, and bruised ribs, some or all of which are reasonably believed to be permanent in nature.  The collapse of the subject step ladder was a direct result of (1) the defective design and/or (2) the use of substandard materials and/or (3) a deficient or substandard manufacturing process.

19.    The **ANSI A 14.2** standard provides for certain specifications related to step size, step spacing and other features. However, the standard does not provide any specifications for the type of metal to be used, the thickness of the metal or the means in which the various components are to be attached to one another.

20.    The subject ladder was inspected and reached the Plaintiff, Robert J. Mayer, Sr. in the condition, in which it was manufactured, sold and distributed. At the time the subject ladder was sold or placed into the stream of interstate commerce, it was defectively designed, unreasonably dangerous and inherently and intrinsically dangerous to the life and health of all foreseeable users. Defendant Louisville Ladder, Inc. knew or should have known of both the

---

[1] The American National Standards Institute is a private non-profit organization that oversees the development of voluntary consensus standards for products, services, processes, systems, and personnel in the United States. The organization also coordinates U.S. standards with international standards so that American products can be used worldwide.

nature and extent of this danger and knew that the use of the product would likely result in severe injury because of the subject ladder's defective condition.

**21.** The Plaintiff's injuries and damages were caused and occurred due to the subject ladder, being manufactured, sold, distributed and delivered in a defective condition, unreasonably dangerous for its intended purposes and use; and this defective and unreasonably dangerous condition existed at the time of the manufacture, sale and distribution of the subject ladder by the Defendant, Louisville Ladder, Inc.

**22.** Kentucky courts have recognized two types of product defects relevant to the case at hand: (1) "design defects or unreasonable risks of harm inherent in the product's design"; and (2) "warning defects or unreasonable risks of harm that could have been reduced or avoided by the provision of reasonable instructions or warnings." *Edwards v. Hop Sin, Inc.,* 140 S.W.3d 13, 15 (Ky. Ct. App. 2003).

**23.** Defendant Home Depot U.S.A., Inc. breached a duty set forth in the Restatement (Second) of Torts § 388. See Lloyd v. Lloyd, 479 S.W.2d 623 (Ky. Ct. App. 1972) (recognizing § 388 as authoritative). Section 388, titled "Chattel Known to Be Dangerous for Intended Use[,]" states:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
> (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
> (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
> (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

> *Restatement (Second) of Torts § 388.*

**24.** Defendant Home Depot U.S.A., Inc. negligently failed to provide any warning and/or provided inadequate warnings to the purchaser regarding the foreseeable dangers and risks involved in using the subject step ladder.

25.   As a direct and proximate result of the aforementioned acts and/or omissions of the Defendant Louisville Ladder, Inc. and Defendant Home Depot U.S.A., Inc., Plaintiff Robert J. Mayer, Sr. has incurred and/or will incur, in the future, the following damages:

(a)   Medical, hospital and other physical care expenses, both in the past and reasonably expected to be incurred in the future;

(b)   Mental and physical pain and suffering and anguish from the date of the subject incident, and reasonably expect to endure pain and suffering in the future;

(c)   Impairment of his earning capacity, including, but not limited to, past and future lost wages;

(d)   Increased risk of future injury; and

(e)   The loss of his right to the enjoyment of life.

## COUNT I: STRICT PRODUCT LIABILITY[2]

26.   Plaintiff, Robert J. Mayer, Sr. restates and re-alleges the allegations contained in Paragraphs One through Twenty-five, (1-25), with the same force and effect, as though fully rewritten herein.

27.   Defendant, Louisville Ladder, Inc. engaged in the business of designing, manufacturing, distributing and placing into the stream of commerce, the aluminum 6 foot step ladder, identified as **Model W-2212-06S**, which was being used by the Plaintiff, Robert J. Mayer, Sr. at the time of subject incident.  Louisville Ladder, Inc. was and is in the business of selling such products with the expectation that such products will reach the end user, without substantial change to the condition, in which the products are sold. The subject 6 foot aluminum step ladder, identified as Model W-2212-06S, reached the ultimate user without substantial change to the condition, in which it was sold.

---

[2] Under § 402A of the Restatement (Second) of Torts . . . [which] . . . describes a product as defective for purposes of the application of strict liability as one "in a defective condition unreasonably dangerous to the user or consumer or to his property." Restatement (Second) of Torts § 402A (1965). In Dealers Transport Co. v. Battery Distributing Co., the Supreme Court of Kentucky "adopted strict liability in tort for a defective product as expressed in § 402A of the Restatement (Second) of Torts." Burke Enterprises, Inc. v. Mitchell, 700 S.W.2d 789, 791 (Ky. 1985) (citing 402 S.W.2d 441 (Ky. 1966)). The Restatement (Second) of Torts § 402A(1) states:

  One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is
  subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
  (a) the seller is engaged in the business of selling such a product, and
  (b) it is expected to and does reach the end user or consumer without substantial change in the condition in which it was sold.
Cited in *State Farm Fire & Cas. Co. v. Amazon*, 528 F. Supp. 3d 686, 694, 2021 U.S. Dist. LEXIS 55759, *14-15, 2021 WL 1124787  (6th Cir.)

28.   Louisville Ladder, Inc. manufactured, marketed, distributed, and placed into the stream of commerce the subject 6 foot aluminum step ladder, identified as Model W-2212-06S, as described herein.

29.   Defendant Home Depot U.S.A., Inc. was the retailer/seller, which sold the subject step ladder to Michael Mayer, the son of Plaintiff Robert J. Mayer, Sr. and incurs strict liability to the same degree as the manufacturer, Defendant Louisville Ladder, Inc.

30.   Under the doctrine of strict product liability, the subject 6 foot aluminum step ladder, identified as Model W-2212-06S, was defectively designed, marketed, and/or manufactured and was unsafe for its intended purpose, at the time it left the control of the Defendant, Louisville Ladder, Inc. and was sold.

31.   Strict liability depends on what the manufacturer would have anticipated had he been (regardless of whether he actually was or should have been) aware of the condition of and potentialities inherent in the product, when it was placed into the stream of commerce.  See *Worldwide Equipment, Inc. v. Mullins*, 11 S.W.3d 50, 55, 46 6 Ky. L. Summary 10 (Ky. App. 1999) *cited with approval in Primal Vantage Co. v. O'Bryan*, 2019 Ky. App. Unpub. LEXIS 821, *24-31, CCH Prod. Liab. Rep. P20,758,  2019 WL 6044870.

32.   The subject 6 foot aluminum step ladder, identified as **Model W-2212-06S**, was defective in that it collapsed and failed, while being used for its intended purpose and caused the injuries to be sustained by Plaintiff, Robert J. Mayer, Sr.

33.   There was a safer, alternative design, other than the one actually used, that in reasonable probability, would have reduced or significantly reduced the risk of Mr. Mayer's injuries, without substantially impairing the product's utility; and, it was economically and technologically feasible at the time the product left the control of the manufacturer or seller, by the application of existing or reasonably achievable scientific knowledge.

34.   Defendant Louisville Ladder, Inc. knew or should have known that the subject 6 foot aluminum step ladder, identified as **Model W-2212-06S,** posed an unreasonable danger and

was in a defective condition for the reasons stated herein. The subject 6 foot aluminum step ladder, identified as **Model W-2212-06S**, reached the ultimate user without substantial change to the condition, in which it was sold.

35.    Further, the subject 6 foot aluminum step ladder, identified as **Model W-2212-06S,** was unaccompanied by proper warnings associated with its use. Any warnings given were not comprehensible to the average user and reasonably prudent person in the circumstances of its use and did not give adequate warnings and/or instructions, to avoid the dangers associated with its use.

36. The subject 6 foot aluminum step ladder, identified as Model W-2212-06S was defective and unreasonably dangerous in that any warning given was not adequate to allow the ordinary user to avoid the hazards and dangers associated with the use of the product. The product was "defective" in that it was (a) properly made according to an unreasonably dangerous design, or (b) was not accompanied by adequate instructions and warning of the dangers attending its use.

37.    The defective condition of the subject 6 foot aluminum step ladder, identified as Model W-2212-06S, includes, *inter alia.,* the following: The subject step ladder is unreasonably dangerous, has a defect in its design, and/or was manufactured with substandard materials, that created an unreasonable risk of harm to its users. In the case at hand, this unreasonably dangerous and/or defective design and/or defective manufacturing process resulted in the buckling and failure of the left front rail, which caused the first step to bend downward, which resulted in the side flanges tearing, leaving jagged pieces of metal protruding from both flanges.

38.    This complete collapse and failure of the subject step ladder caused Mr. Mayer to fall to the ground and sustain serious injuries, *inter alia.,* to his ribs and his left shoulder, some or all of which are reasonably believed to be permanent in nature.

39.    Defendant, Louisville Ladder, Inc., through Defendant, Home Depot U.S.A., Inc. sold this product in such a manner that it created an unreasonable risk of harm and injury to the end user.  The ladder warning was completely inadequate to warn against the inherent danger, which was known to the Defendant and was reasonably foreseeable with the expected and intended use of the equipment and/or said Defendant became aware of and/or knew and/or

should have reasonably known of the ladder's defective design and/or inherent danger and failed to warn the Plaintiff and/or those similarly situated, of said defective condition.

**40.**  Defendant Home Depot U.S.A., Inc.  sold the subject step ladder to Plaintiff's adult son, Michael Mayer in its Westminster, Maryland store in approximately 2014.

**41.**  As a direct and proximate result of the aforementioned acts and/or omissions of the Defendant Louisville Ladder, Inc. and Defendant Home Depot U.S.A., Inc., Plaintiff, Robert J. Mayer, Sr.  has incurred and/or will incur, in the future, the following damages:

> **(a)** Medical, hospital and other physical care expenses, both in the past and
> To be incurred in the future;
>
> **(b)** Mental and physical pain and suffering and anguish from the date of the
> subject incident, and reasonably expect to endure pain and suffering in the future;
>
> **(c)** Impairment of his earning capacity, including, but not limited to, past and
> future lost wages;
>
> **(d)** Increased risk of future injury; and
>
> **(e)** The loss of his right to the enjoyment of life.

## COUNT II: BREACH OF WARRANTY

**42.**  Plaintiff, Robert J. Mayer, Sr. restates and re-alleges the allegations contained in Paragraphs One through Forty-one, (1-41), with the same force and effect, as though fully rewritten herein.

**43.**  At the time the subject step ladder was purchased by the Plaintiff and/or his predecessors-in-interest, the Defendant made express and implied warranties that the subject step ladder was merchantable and fit for its intended purpose and use.  The sale of this product was a breach of the express warranty created by the affirmation, description and sample or model of the product, which formed the basis of the bargain and/or agreement to purchase the product.

**44.**  The sale of the product constituted a breach of the implied warranty that the subject step ladder was merchantable and fit for the particular purpose, that it was designed for, because,

the subject step ladder was, in fact, not fit for that particular purpose. This breach of warranty occurred in violation of KRS § 355.2-313.

45.    The subject step ladder is defective and creates a substantial product hazard as that term is defined by the Consumer Products Safety Act, 15 USCS § 2064

46.    Although the Defendants were fully aware of the CPSC's statistics which indicated that there had been an inordinate and otherwise unacceptable number of deaths and injuries related to the use of ladders, the Defendant still intentionally and knowingly failed to timely, properly and accurately inform the CPSC that their ladders were defective, unreasonably dangerous and substantially hazardous.

47.    Accordingly, the Defendant, Louisville Ladder, Inc. violated a consumer products safety rule, a CPSC rule or order, and is liable for damages pursuant to 15 USC § 2072.[3]

48.    The Defendant's failure to warn of the inherent dangers of the subject step ladder and the intentional sale of the product in interstate commerce, constituted unfair, false, misleading and deceptive acts and practices in the conduct of trade and commerce, within the purview of KRS § 367.170 which declares such acts to be unlawful. Kentucky Consumer Protection Act of 1972, Ky. Rev. Stat. Ann. §§ 367.110 - 367.300. See *Ford Motor Co. v. Mayes*, 575 S.W.2d 480, 481, 1978 Ky. App. LEXIS 649, *1, 24 U.C.C. Rep. Serv. (Callaghan) 1057

49.    Under the Kentucky Consumer Protection Act, all "unfair" acts or practices in the conduct of any trade or commerce are declared to be unlawful. KRS 367.170(1). The term "unfair" is defined to mean "unconscionable." KRS 367.170(2). Any person who purchases goods primarily for "personal, family or household purposes" and who thereafter suffers any ascertainable loss as a result of any act declared unlawful by KRS 367.170 is authorized to bring

---

[3] 15 U.S.C. § 2072 which provides, "Any person who shall sustain injury by reason of any knowing (including willful) violation of a consumer products safety rule, or any other rule or order issued by the [Consumer Products Safety] Commission may sue any person who knowingly (including willfully) violated any such rule or order. . . ."

a civil action to recover actual damages. KRS 367.220(1). See *Ford Motor Co. v. Mayes*, 575 S.W.2d 480, 485, 1978 Ky. App. LEXIS 649, *12, 24 U.C.C. Rep. Serv. (Callaghan) 1057

50.    As a direct and proximate result of the aforementioned acts and/or omissions of the Defendant Louisville Ladder, Inc., Plaintiff Robert J. Mayer, Sr. has incurred and/or will incur, in the future, the following damages:

> **(a)** Medical, hospital and other physical care expenses, both in the past and reasonably  expected to be incurred in the future;
>
> **(b)** Mental and physical pain and suffering and anguish from the date of the subject incident, and reasonably expect to endure pain and suffering in the future;
>
> **(c)** Impairment of his earning capacity, including, but not limited to, past and future lost wages;
>
> **(d)** Increased risk of future injury; and
>
> **(e)** The loss of his right to the enjoyment of life.

51.    Because the Defendant intentionally and willfully failed to comply with the provisions of 15 USC § 2605 and 16 CFR § 1115 and other regulations promulgated thereunder, and because of said Defendant's willful and intentional withholding of relevant knowledge regarding the defective nature of the subject step ladder, Defendant, Lousiville Ladder, Inc. is liable for punitive damages to the Plaintiff, Robert J. Mayer, Sr.

### COUNT III: STRICT LIABILITY IN TORT – FAILURE TO WARN

52.    Plaintiff, Robert J. Mayer, Sr. restates and re-alleges the allegations contained in Paragraphs One through Fifty-one (1-51), with the same force and effect, as though fully rewritten herein.

53.    "[T]he manufacturer has a duty to warn the ultimate user of any dangers in its product (other than those that are open or obvious). This duty [*9] is non-delegable…. If the

injury was the result of the manufacturer's breach, the liability for the injury will lie with the manufacturer." *Montgomery Elevator Co. v. McCullough by McCullough*, 676 S.W.2d 776, 782 (Ky. 1984)

**54.** That as manufactured and put on the market by Defendant Louisville Ladder, Inc. and by Defendant Home Depot, Inc., the subject step ladder at issue was unreasonably dangerous[4] for use by a person whom Defendants should have expected to use it, without reasonable warning as to risk attendant to the use of the step ladder, in the manner for which it was intended.

**55.** That the warning label on the step ladder was not reasonably adequate to warn an ordinarily prudent person as to risk attendant to the use of the step ladder

**56.** That Defendant Louisville Ladder, Inc.'s  failure to provide an adequate warning as to risk attendant to the use of step ladder was a substantial cause of the incident and injury to Mr. Mayer, Sr. on April 29, 2021.

**57.** As a direct and proximate result of the aforementioned acts and/or omissions of the Defendant Louisville Ladder, Inc., Plaintiff Robert J. Mayer, Sr. has incurred and/or will incur, in the future, the following damages:

        **(a)** Medical, hospital and other physical care expenses, both in the past and To be incurred in the future;

        **(b)** Mental and physical pain and suffering and anguish from the date of the subject incident, and reasonably expect to endure pain and suffering in the future;

        **(c)** Impairment of his earning capacity, including, but not limited to, past and future lost wages;

        **(d)** Increased risk of future injury; and

        **(e)** The loss of his right to the enjoyment of life.

---

[4] **"Unreasonably dangerous"** - A product is unreasonably dangerous if it creates such a risk of accidental injury to a prospective user that an ordinarily prudent company engaged in the manufacture of similar products, being fully aware of the risk, would not have put it on the market. See Primal Vantage…..

58.   Because the Defendant intentionally and willfully failed to comply with the provisions of 15 USC § 2605 and 16 CFR § 1115 and other regulations promulgated thereunder, and because of said Defendant's willful and intentional withholding of relevant knowledge regarding the defective nature of the subject step ladder, Defendant, Louisville Ladder, Inc. is liable for punitive damages to the Plaintiff, Robert J. Mayer, Sr.

### COUNT IV: NEGLIGENCE

59.   Plaintiff, Robert J. Mayer, Sr. restates and re-alleges the allegations contained in Paragraphs One through Fifty-eight, (1-58), with the same force and effect, as though fully rewritten herein.

60.   It was the duty of **Defendant Louisville Ladder, Inc.**  to exercise ordinary care[5] in the design of the step ladder, at issue in this case.

61.   Plaintiff Robert J. Mayer, Sr. alleges that, *inter alia.,* the following acts and omissions against the Defendant Louisville Ladder, Inc.:

(a) That as manufactured and put on the market by Louisville Ladder, Inc.,the step ladder, at issue was unreasonably dangerous[6] for use by a person whom Louisville Ladder should have expected to use it, without reasonable warning as to the risks attendant to the use of the step ladder;

(b) That the warning label on the step ladder was not reasonably adequate to warn an ordinarily prudent person as to the risks attendant on the use of the step ladder;

---

[5]  **"Ordinary Care"** - Ordinary care means such care as the jury would expect a reasonably prudent company to exercise under the same or similar circumstances. See Primal Vantage

[6] **"Unreasonably dangerous**" - A product is unreasonably dangerous if it creates such a risk of accidental injury to a prospective user that an ordinarily prudent company engaged in the manufacture of similar products, being fully aware of the risk, would not have put it on the market.

(c) That as a consequence of (a) and (b), Louisville Ladder, Inc., in the exercise of ordinary care should have been aware that the step ladder was unreasonably dangerous;

(d) That Louisville Ladder Inc.'s failure to provide an adequate warning as to risk attendant to the use of the step ladder was a substantial factor in causing the incident and injury to Mr. Mayer, Sr. on April 29, 2021.

62. Further, Defendant Home Depot U.S.A., Inc. breached a duty set forth in the Restatement (Second) of Torts § 388. *See Lloyd v. Lloyd*, 479 S.W.2d 623 (Ky. Ct. App. 1972) (recognizing § 388 as authoritative). Section 388, titled "Chattel Known to Be Dangerous for Intended Use[,]" states:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
> (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
> (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
> (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

**Restatement (Second) of Torts § 388.**

Defendant Home Depot U.S.A., Inc. negligently failed to provide any warning and/or any adequate warning to the purchaser regarding the foreseeable dangers and risks involved in using the subject step ladder.

63. Defendants, Louisville Ladder, Inc. and Home Depot U.S.A., Inc. each had a duty to act as a reasonably prudent company would have acted under the same or similar circumstances. Defendants Louisville Ladder, Inc. and Home Depot U.S.A., Inc. breached this duty and were negligent as that term is defined by law and considering the risk of danger involved, the

availability of suitable safety methods, and the practicality and economic feasibility of employing methods designed to insure a safe product. Among other acts or omissions constituting negligence, the Defendants failed to provide a product, which was marketed, manufactured and designed in such a manner, as to prevent the subject incident from occurring.

64.    The conduct of the Defendant Louisville Ladder, Inc. fell below the standard of care, that is, what a reasonably prudent manufacturer, engaged in a business similar to that of the defendant, by the exercise of ordinary care, actually should have discovered and foreseen. *Worldwide Equipment, Inc. v. Mullins*, 11 S.W.3d 50, 55, 46 6 Ky. L. Summary 10 (Ky. App. 1999) *(citations omitted), cited with approval in Primal Vantage Co. v. O'Bryan*, 2019 Ky. App. Unpub. LEXIS 821, *24-31, CCH Prod. Liab. Rep. P20,758, 2019 WL 6044870

65.    As a direct and proximate result of the aforementioned acts and/or omissions of the Defendant Louisville Ladder, Inc., Plaintiff Robert J. Mayer, Sr. has incurred and/or will incur, in the future, the following damages:

> **(a)** Medical, hospital and other physical care expenses, both in the past and
> To be incurred in the future;
> **(b)** Mental and physical pain and suffering and anguish from the date of the
> subject incident, and reasonably expect to endure pain and suffering in the future;
> **(c)** Impairment of his earning capacity, including, but not limited to, past and
> future lost wages;
> **(d)** Increased risk of future injury; and
> **(e)** The loss of his right to the enjoyment of life.

66.    Because the Defendant intentionally and willfully failed to comply with the provisions of 15 USC § 2605 and 16 CFR § 1115 and other regulations promulgated thereunder, and because of said Defendant's willful and intentional withholding of relevant knowledge

regarding the defective nature of the subject step ladder, Defendant, Lousiville Ladder, Inc. is liable for punitive damages to the Plaintiff, Robert J. Mayer, Sr.

67. Defendant, Louisville Ladder, Inc., was grossly negligent and demonstrated a reckless disregard for the rights and safety of the Plaintiff, and other similarly situated users, by virtue of the design and marketing of the defective step ladder. By their conduct, the Defendant exposed users of their ladders to an unreasonable risk of serious harm or death. Even after this Defendant had ample reason to know of the unreasonably dangerous nature of their product they failed to warn the Plaintiff and/or other similarly situated users of said danger.

### COUNT V: DECLARATORY JUDGMENT - SUBROGATION

68.    Plaintiff, Robert J. Mayer, Sr. restates and re-alleges each and every allegation contained in Paragraphs One through Sixty-seven (1-67), with the same force and effect, as though fully rewritten herein.

69.   Defendant,  Anthem Insurance Companies, Inc.,  provided health insurance benefits to Plaintiff Robert J. Mayer, Sr., through Anthem Blue Cross and Blue Shield, during relevant times herein.

70.   As a result of the ladder collapse and failure subject of this Complaint, Defendant Anthem Insurance Companies, Inc. has paid and/or will pay some of Plaintiff's reasonable and necessary hospital and medical expenses.

71.   Accordingly,  Defendant  Anthem Insurance Companies,  Inc., doing business as Anthem Blue Cross and Blue Shield is or may be subrogated to a portion of the Plaintiff's claims against Defendant Louisville Ladder, Inc. and/or Home Depot U.S.A., Inc. and should be required to continue to indemnify Plaintiff, Robert J. Mayer, Sr. and assert its alleged

subrogation interest in a sum certain or interests or otherwise be forever foreclosed from enforcing or  collecting its alleged subrogation interest against any party herein.

### RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Robert J. Mayer, Sr., by and through counsel, demands the following relief:

**(A)** Judgment be entered against Defendant Louisville Ladder, Inc., on each cause of action, in an amount yet to be determined, but in excess of Seventy-Five Thousand Dollars ($75,000.00) as and for compensatory damages;

**(B)** Judgment be entered against Defendant Louisville Ladder, Inc., on each cause of action, in an amount yet to be determined, but in excess of Seventy-Five Thousand Dollars ($75,000.00) as and for punitive damages;

**(C)** Judgment be entered against Defendant Home Depot U.S.A., Inc., on each cause of action, in an amount yet to be determined, but in excess of Seventy-Five Thousand Dollars ($75,000.00) as and for compensatory damages;

**(D)** That this Court order Defendant Anthem Insurance Companies, Inc. to substantiate its alleged subrogation interest in a sum certain or be forever foreclosed from enforcing or collecting its alleged subrogation interest against any party herein.

**(E)** An award of pre-judgment interest, post-judgment interest, costs incurred herein, attorney fees, if appropriate, and all other relief to which he may be entitled at law or in equity.


Respectfully submitted,


*/s/ Randy A. Byrd.*
**Randy A. Byrd [83327]**
Trial Attorneys for Plaintiff
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
7315 Dixie Highway
Florence, Kentucky 41042
Phone: 859-444-4444 Ext. 103
Fax:   859-282-1170
E-mail: rbyrd@maislinlaw.com

## JURY DEMAND

Plaintiff, Robert J. Mayer, Sr. hereby demands a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38 and Fed. R. Civ. P. 39.

*/s/ Randy A. Byrd, Esq.*
**Randy A. Byrd [83327]**
Trial Attorneys for Plaintiff
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
7315 Dixie Highway
Florence, Kentucky 41042
Phone: 859-444-4444 Ext. 103
Fax:    859-282-1170
E-mail: ahowell@maislinlaw.com

## CERTIFICATE OF SERVICE TO ATTORNEY GENERAL OF KENTUCKY

This is to certify that, in accordance with KRS § 418.075[7] and Ky. R. Civ. P. 24.03,[8] a true and accurate copy of the foregoing Complaint was served via First Class U.S. mail service, postage prepaid, upon the following, on the date, in which this Complaint was filed in the United States District Court for the Western District of Kentucky, Louisville Division:

---

[7] **KRS § 418.075 Necessary parties -- Notice to Attorney General in proceedings and appeals** provides, in pertinent part:
"When declaratory relief is sought, all persons shall be made parties who have or claim
any interest which would be affected by the declaration, and no declaration shall
prejudice  the rights of persons not parties to the proceeding.
(1) In any proceeding which involves the validity of a statute, the Attorney General of
the state shall, before judgment is entered, be served with a copy of the petition, and
shall be entitled to be heard, and if the ordinance or franchise is alleged to be
unconstitutional, the Attorney General of the state shall also be served with a copy
of the petition and be entitled to be heard."

[8] **Ky. R. Civ. P. 24.03**
As amended through February 2, 2022
**Rule 24.03 - Procedure**
A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute gives a right to intervene. When the constitutionality of an act of the General Assembly affecting the public interest is drawn into question in any action, the movant shall serve a copy of the pleading, motion or other paper first raising the challenge upon the Attorney General.

**Hon. Daniel Cameron**
**Office of the Kentucky Attorney General**
**700 Capitol Avenue, Suite 118**
**Frankfort, Kentucky  40601-3449**

*/s/ Randy A. Byrd,  Esq.*
**Randy A. Byrd [83327]**
Trial Attorneys for Plaintiff
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
7315 Dixie Highway
Florence, Kentucky 41042
Phone: 859-444-4444 Ext. 103
Fax:     859-282-1170
E-mail: rbyrd@maislinlaw.com